UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERT  CHACON, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-161 |
| | § | |
| DIRECTOR UTMB CORRECTIONAL | § | |
| MANAGE HEALTH CARE, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Plaintiff Robert Chacon (TDCJ #01550395) is a state inmate incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"), and he has filed a civil rights lawsuit. In that lawsuit, Chacon alleges that the defendants' deliberate indifference to his medical needs caused or exacerbated a debilitating stroke that he suffered during a battery of cardiac tests at the University of Texas Medical Branch ("UTMB") in Galveston. Pending before the Court are three motions.

### a.  The motion for the appointment of counsel

The Texas Attorney General has provided a *Martinez* report, which the Court has construed as a motion for summary judgment. Chacon has missed his deadline to respond; but, before that deadline, he requested that the Court appoint counsel for him. The Court will deny the motion but will give Chacon an extension of his deadline so that he can file a *pro se* response to the defendants' motion.

There is no automatic constitutional right to appointment of counsel in civil rights cases. *Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).  Where a litigant proceeds

1 / 3

in forma pauperis, the most a court can do is "request an attorney to represent any person unable to afford counsel."  28 U.S.C. § 1915(e)(1); *see also Mallard v. United States District Court for the Southern District of Iowa*, 490 U.S. 296, 310 (1989) (holding that the statute governing in forma pauperis cases does not authorize "coercive appointments of counsel" for indigent litigants in civil cases). "An attorney should be appointed only if exceptional circumstances exist." *McFaul v. Valenzuela*, 684 F.3d 564, 581 (5th Cir. 2012) (citing *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982)). In making that determination, the Court considers the case's type and complexity, the litigant's ability to investigate and present his claims, and the level of skill required to present the evidence. *Baranowski*, 486 F.3d at 126.

This case does not present any exceptional circumstances necessitating the appointment of counsel. Chacon has clearly articulated his claims; the Texas Attorney General, as previously mentioned, has provided the Court and Chacon with a *Martinez* report containing the pertinent medical records; and the legal and factual issues presented by the case are not extraordinarily complex. The court concludes that it is unnecessary to locate counsel for Chacon at this time and will deny his motion for the appointment of counsel. However, the Court will extend Chacon's deadline and give him 45 days from the date of this order to respond to the defendants' motion for summary judgment.

### b.  The request for a preliminary injunction

Chacon has filed two other motions requesting a preliminary injunction. The Court will deny those motions as well. In order to obtain a preliminary injunction, Chacon must demonstrate: (1) a substantial likelihood of success on the merits of an underlying legal

claim (here, that claim would be his claim for deliberate indifference to his medical needs during the cardiac tests); (2) a substantial threat that failure to grant the injunction will result in irreparable injury; (3) that his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin; and (4) that the injunction will not have an adverse effect on the public interest. *PCI Transp., Inc. v. Fort Worth & W. R.R. Co.*, 418 F.3d 535, 545 (5th Cir. 2005). "A preliminary injunction is an extraordinary remedy that should not be granted unless the party seeking it has clearly carried the burden of persuasion on all four requirements." *Dennis Melancon, Inc. v. City of New Orleans*, 703 F.3d 262, 268 (5th Cir. 2012) (quotation marks and citation omitted). Chacon has not carried his burden.

All three motions (Dkt. 19, Dkt. 20, and Dkt. 26) are **DENIED**. Chacon shall file a response to the *Martinez* report, which the Court has construed as a motion for summary judgment, within **45 days** of the date of this order.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 16th day of January, 2018.

George C. Hanks Jr.
United States District Judge